**Carmen SCHULZE, Director, Missouri Department of Social Services, Division of Family Services, Respondent,**

v.

**George ERICKSON, Appellant.**

**No. WD 56991.**

Missouri Court of Appeals, Western District.

May 16, 2000.

---

1. All further statutory references are to the Revised Statutes of Missouri, 1994.

Cynthia A. Barchet, Columbia, for appellant.

Gerald L. Meyr, Jefferson City, for respondent.

Before BRECKENRIDGE, C.J., LAURA DENVIR STITH and RIEDERER, JJ.[1]

PATRICIA BRECKENRIDGE, Chief Judge.

George Erickson appeals from an order of the Circuit Court of Cole County which reversed an order issued by the Personnel Advisory Board (PAB) that had reinstated him to his position with the Division of Family Services (DFS) and awarded him back pay. Because the order issued by the PAB was not final and appealable, this court does not have jurisdiction to hear the appeal. The appeal is dismissed.

### Factual and Procedural Background

Mr. Erickson was employed by DFS as a Social Service Worker II in its Randolph County office. Mr. Erickson was notified by letter that he was dismissed from his positionfor inadequate job performance and willful violation of agency policies. Mr. Erickson appealed his dismissal to the PAB. A hearing was held before the PAB. The PAB issued its findings of fact, conclusions of law, decision and order reinstating Mr. Erickson to his former position and awarding him back pay. DFS filed a petition in the Circuit Court of Cole County for judicial review of the PAB's decision. The Circuit Court of Cole County issued findings of fact, conclusions of law, and its

judgment and order on February 9, 1999, reversing the decision and order of the PAB. This appeal followed.

### No Jurisdiction to Hear Appeal From PAB Since PAB Order Not Final

Although the parties do not address it, this court must determine its jurisdiction to hear an appeal *sua sponte. Transit Casualty Company In Receivership v. Certain Underwriters At Lloyd's Of London*, 995 S.W.2d 32, 34 (Mo.App. 1999). "[J]urisdiction is the 'right, power and authority of the court to act.'" *Id.* (quoting *City of Jackson v. Southard*, 869 S.W.2d 280, 282 (Mo.App.1994)). The right to appeal is statutory. Mo. Const. Art. V, § 5; *Committee for Educ. Equality v. State of Missouri*, 878 S.W.2d 446, 450 (Mo. banc 1994). An appellate court lacks jurisdiction to hear an appeal if it is not authorized by statute. *See Abmeyer v. State Tax Commission*, 959 S.W.2d 800, 801 (Mo. banc 1998).

The statutory structure for review of the dismissal of a state employee begins with the rights granted by § 36.390, RSMo 1994.[2] Section 36.390.5 sets out the procedure for an employee to challenge the employee's dismissal. Section 36.390.5(1) reads:

Any regular employee who is dismissed ... for cause ... may appeal in writing to the [personnel advisory] board within thirty days after the effective date thereof, setting forth in substance the employee's reasons for claiming that the dismissal ... was for political, religious, or racial reasons, or not for the good of the service. Upon such appeal, both the appealing employee and the appointing authority whose action is reviewed shall have the right to be heard and to present evidence at a hearing which, at the request of the appealing employee, shall be public.... After the hearing and consideration of

---

1. Judge Riederer resigned from this court prior to the issuance of this opinion.

2. All statutory references are to the Revised Statutes of Missouri 1994.

the evidence for and against a dismissal, the board shall approve or disapprove such action and may make any one of the following appropriate orders:

(1) Order the reinstatement of the employee to the employee's former position and the payment to the employee of part or all of such salary as has been lost by reasons of such dismissal[.]

\* \* \*

■ A party who is dissatisfied with a decision of the PAB may appeal that decision pursuant to § 36.390.9. Section 36.390.9 states, in pertinent part, that "[d]ecisions of the personnel advisory board shall be final and binding subject to appeal by either party. Final decisions of the personnel advisory board pursuant to this subsection shall be subject to review on the record by the circuit court pursuant to chapter 536, RSMo." A party aggrieved by the judgment of the circuit court can appeal the judgment as in other civil cases. Section 536.140.6. However, an appellate court reviews the decision of the PAB, not the decision of the circuit court. *Reeves v. Singleton,* 994 S.W.2d 586, 590 (Mo.App. 1999).

■ For judicial review of a decision of the PAB, the decision must be final. As noted, § 36.390.9 provides that "*[f]inal* decisions of the personnel advisory board" are subject to review by the circuit court. (Emphasis added). Section 536.100 requires that a party be "aggrieved by a *final* decision in a contested case to be entitled to judicial review" of an agency decision as provided in §§ 536.100 to 536.140. (Emphasis added).

■ A final disposition in an agency proceeding occurs whenever the decision disposes of all issues as to all parties and leaves nothing for future determination. *Davis v. Angoff,* 957 S.W.2d 340, 343 (Mo. App.1997). There is a lack of cases addressing when an agency decision disposes of all the issues, so this court looks for

guidance to cases that analyze the finality of circuit court judgments. For a judgment in the circuit court to be final, it must dispose of a "judicial unit." *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). A "judicial unit" must be a final judgment on a claim, not a ruling on fewer than all issues which does not dispose of a claim. *Id.* The determination of back pay is analogous to the determination of compensatory damages. Damages are considered an essential element of a claim. *Clay County ex rel. County Commission of Clay County v. Harley and Susie Bogue, Inc.,* 988 S.W.2d 102, 109–110 (Mo.App. 1999).

■ In this case, Mr. Erickson appealed his dismissal to the PAB. The PAB held a hearing on Mr. Erickson's dismissal. After the hearing, pursuant to § 36.390.5, the PAB had to (1) approve or disapprove Mr. Erickson's dismissal, and (2) if it disapproved of his dismissal, it could order his reinstatement and some or all of his back pay. The PAB subsequently issued its findings of fact, conclusions of law, decision and order stating that "[t]he Board orders the Appellant to be reinstated to his former position and paid the salary lost by reason of his dismissal."

■ The PAB's determination that Mr. Erickson is entitled to back pay is not a complete adjudication of that issue, however. The PAB's order did not state how Mr. Erickson's back pay would be calculated, nor did it adjudge an amount owed. "An improperly dismissed public employee is entitled upon reinstatement to recover his lost back pay from the date of termination to the date of his reinstatement." *Gamble v. Hoffman,* 695 S.W.2d 503, 509 (Mo.App.1985). However, under the rule of avoidable consequences, the amount of back pay must be offset by such sums the employee has earned or could have earned from other employment, *Wolf v. Missouri State Training School for Boys,* 517 S.W.2d 138, 144–45 (Mo. banc 1974),[3] or

**3.** *McGhee v. Dixon,* 973 S.W.2d 847, 849–50

(Mo. banc 1998), overrules the principle es-

which he has received as unemployment benefits during the period he has been deprived of his employment. *DeSilva v. Director, Division of Aging, Department of Social Services,* 714 S.W.2d 690, 693 (Mo.App.1986). The purpose of § 36.390(5)(1) is to make the wrongfully discharged employee whole, not to provide a windfall "whereby the employee receives his full salary for time off the job plus whatever he earned during that period from other employment." *Wolf,* 517 S.W.2d at 144. The determination of back pay can and should be determined by the Personnel Board after an evidentiary hearing. *Id.* at 145.

In this case, no evidence was presented to the PAB by either party with regard to back pay. Without any evidence before it, the PAB could not adjudicate this issue. Thus, the calculation and amount of Mr. Erickson's back pay has yet to be determined by the PAB. While the PAB's order established Mr. Erickson's entitlement to back pay, it did not determine the amount Mr. Erickson earned or could have earned during the period he was deprived of his employment, and whether he received any unemployment benefits. These determinations were necessary for the PAB to order the appropriate amount of back pay and for the order issued by the PAB to be considered final for purposes of appeal.

By not ascertaining the amount of Mr. Erickson's back pay, the PAB decided fewer than all legal issues as to his wrongful dismissal claim. Thus, the PAB's order is not a final and appealable order as required under § 36.390.9 for review, and subsequently, this court is without jurisdiction to hear the appeal. Likewise, the circuit court was without jurisdiction to enter its findings of fact, conclusions of

law, and its judgment and order reversing the decision and order of the PAB. Thus, the PAB must adjudicate the issue of back pay before an order in this case will be considered final and appealable.

The appeal is dismissed.

All concur.

tablished in *Wolf,* 517 S.W.2d at 147–48, that a reinstated employee's attorney fees and reasonable expenses, spent to obtain reinstatement, should be subtracted from the earnings from substitute employment which mitigate the lost back pay. Judge Holstein, in his concurring opinion, argued that the entirety of the equitable rule of avoidable conse-quences should be abandoned. *McGhee,* 973 S.W.2d at 850–51. Nevertheless, the majority opinion in *McGhee* expressly stated in footnote 2 that since the appellant did not attack the viability of the rule of avoidable consequences, the Court did not address the issue. 973 S.W.2d at 850.