**STATE of Missouri, ex rel. Mitchell HUNTER and James George Stultz, Respondents,**

v.

**Dick LIPPOLD, Wayne McFee and Wayne Colhour, Appellants.**

**No. WD 63151.**

Missouri Court of Appeals, Western District.

Sept. 7, 2004.

J. Bartley Spear, Jr., Maysville, for Appellant.

Linda S. Tarpley, Overland Park, for Respondent.

Before JAMES M. SMART, JR., P.J., JOSEPH M. ELLIS, and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

Members of the County Commission of DeKalb County, who are responsible for preparing the county budget, appeal a writ of mandamus that ordered them to perform their statutory duty to appropriate $10,000 for the operation of the University of Missouri Outreach and Extension Center. The commission had chosen to appropriate $2,500 for the Extension Center. The circuit court determined that section 262.597, RSMo 2000, required the commission to allocate at least $10,000 for the Extension Center. We affirm.

### Standard of Review

We review mandamus as we do any other non-jury civil matter. *Lewis v. Bellefontaine Habilitation Ctr.*, 122 S.W.3d 105, 107 (Mo.App.2003). Thus, we will sustain the judgment of the trial court unless no substantial evidence exists to support it, it is against the weight of the evidence, or it erroneously declares or ap-

plies the law. *Id.* at 108. Because this case involves statutory interpretation, the issue is an issue of law. *Carmack v. Mo. Dep't of Agric.*, 31 S.W.3d 40, 46 (Mo.App. 2000). Accordingly, our review is *de novo. Id.*

## Analysis

In their sole point on appeal, Appellants contend that the court erred in issuing the writ of mandamus against them. They argue that the directive of section 262.597[1] is merely discretionary, not mandatory.

The University of Missouri is authorized to formulate and administrate agricultural extension programs in each county of the State. § 262.557. These programs are administered by University Extension Councils, which the University may establish in each of the State counties. § 262.563. Each council files its annual budget, which covers the cost of proposed extension services, with the county commission. § 262.597.

Section 50.610 of the County Budget Law[2] vests the county commission with ultimate authority over the county budget. The statute allows the commission to "revise, alter, increase, or decrease the items contained in the budget and ... eliminate any item or add new items." However, section 262.597 appears to limit the commission's discretion with regard to the Extension Council budget. It directs county commissioners to appropriate a minimum amount for extension services in light of the county's assessed valuation. The directive at issue here provides:

> [T]he county commission *shall* include the budget ... subject to the following minimum appropriations:

> (1) In counties with an assessed valuation of seventy million dollars or more, ten thousand dollars[.]

§ 262.597 (emphasis added).

The parties do not dispute whether the farmland in DeKalb County has an assessed valuation of at least seventy million dollars. Nor does the county commission argue that it is not subject to the statutory directive above. Rather, the county commission argues that the statutory language is not mandatory. The circuit court concluded that the legislature's use of the word "shall" indicates that it is mandatory. Because the county commission failed to comply with this mandate, the circuit court issued the writ ordering them to appropriate $10,000.

When interpreting a statute, our primary goal is to ascertain the intent of the legislature from the language used. *Kerperien v. Lumberman's Mut. Cas. Co.*, 100 S.W.3d 778, 781 (Mo. banc 2003). If the language is unambiguous, rules of construction are unnecessary. *Id.* We will not read into a statute a legislative intent contrary to the intent that is made evident by the plain language. *Kearney Special Road Dist. v. County of Clay*, 863 S.W.2d 841, 842 (Mo. banc 1993).

In this case, Appellants' construction of section 262.597 disregards the plain language contained within that statute. The word "shall" is usually used to express compulsion, obligation or necessity, *Bennett v. Dir. of Revenue*, 889 S.W.2d 166, 169 (Mo.App.1994), and, therefore, it generally mandates an action, *Welch v. Eastwind Care Ctr.*, 890 S.W.2d 395, 397 (Mo.App.1995). Thus, by its plain language, section 262.597 mandates an appropriation of $10,000 for agricultural service

---

1. Unless otherwise noted, all statutory references are to Revised Statutes of Missouri 2000.

2. Sections 50.525 to 50.745 comprise the County Budget Law.

programs in counties with an assessed valuation of at least seventy million dollars. Moreover, it requires the county commission to perform this act under these circumstances regardless of its own opinion as to the propriety of doing so.

In support of their argument, Appellants examine section 262.597 in light of the County Budget Law. They rely on the order in which these two statutes were passed. Appellants point out that section 262.597 was passed in 1961, four years before the County Budget Law was passed. Therefore, they contend that section 262.597 could not have been intended as a limit on the County Budget Law. Instead, they argue that the statutes are mutually exclusive. According to Appellants' construction, the County Budget Law, specifically section 50.610, allows the commission to modify the amount required by section 262.597.

■ The flaw with the County Commission's argument is that in 1961 (when section 262.597 was passed), the prior version of the County Budget Law was in effect. *See* §§ 10910–10935, RSMo.1939. This version also vested a county court with authority over the county budget. It also contained the same allowance for discretion—to add new items and to revise, alter, increase, decrease, or eliminate items—as the current version does. § 10927, RSMo. 1939; § 50.610, RSMo.2000. When the legislature enacts a statute, it is presumed to have acted with a full awareness and complete knowledge of the current state of the law, including legislative precedent. *Harding v. Lohman,* 27 S.W.3d 820, 824 (Mo.App.2000). Thus, we presume that the legislature enacted section 262.597 with knowledge of the County Budget Law and infer that it intended section 262.597 to act as a limit upon the discretion contained with the County Budget Law. The concept of county officials having budget-

ary discretion was not invented in 1965. Accordingly, this argument is without merit.

Appellants next point out that section 262.597 does not provide a sanction in the event that the commission fails to appropriate the minimum funds for the Extension Center. Therefore, Appellants contend that the statute is "directory" rather than mandatory. What the Appellants really mean to say is that they believe the statute is advisory. In other words, they believe it is unenforceable because it makes only a recommendation, not a command.

■ Missouri courts have sometimes determined that when a statute merely requires certain things to be done and nowhere prescribes the results that shall follow if such things are not done (as section 262.597 does here), the statute is merely directory. *See, e.g., Greenwich Condo. Ass'n v. Clayton Inv. Corp.,* 918 S.W.2d 410, 414 (Mo.App.1996); *State v. Conz,* 756 S.W.2d 543, 546 (Mo.App.1988). The issue of whether a statute is mandatory or directory usually comes up only in the context of whether the failure to do a certain act results in the invalidity of a governmental measure. *See, e.g., State ex inf. Gentry v. Lamar,* 316 Mo. 721, 291 S.W. 457, 458 (1927) (superintendent's failure to call an election within a certain time period as the statute required did not invalidate the election). If such a statute fails to prescribe a result in the event that the act is not performed within the time period, the act is usually directory. *See id.* In other words, the failure to timely perform the act does not invalidate the governmental action in question. However, the fact that the act may be directory does not mean it cannot be compelled by proper legal action. *See Farmers & Merchs. Bank & Trust Co. v. Dir. of Revenue,* 896 S.W.2d 30, 33 (Mo. banc 1995) (without de-

termining whether statute was "mandatory or directive," court stated that mandamus would lie to compel enforcement).

Here, the context is a minimum budget appropriation for a specific program. Section 262.597 expresses the legislature's desire that extension councils in counties with large quantities of farmland "shall" receive more funds for extension services than counties with small quantities of such land. Accordingly, the legislature compelled the county commission to appropriate a minimum amount of funds and tailored this amount to the assessed valuation of the county. This mandate acts as an unambiguous limit on the county commission's authority over the budget. Generally, the legislature's use of the word "shall" removes any discretion from the official who is directed to perform the specified act. *See Welch,* 890 S.W.2d at 397. In light of the context here in which "shall" is used, we conclude that the absence of a penalty for the commission's failure to fund the program in the amount of $10,000 does not transform the legislature's clear mandate into a mere suggestion.

*Farmers & Merchants Bank* involved a statute that created a duty in the Director of Revenue to respond to refund claims within a certain time period. 896 S.W.2d at 33. The appellant contended that the use of "shall" implied that all claims to which the Director failed to timely respond should be automatically resolved in the taxpayer's favor. *Id.* at 32. Because of the absence of any statutory penalty for the Director's failure to timely respond, the court disagreed. *Id.* at 33. Instead, the court stated that the Director's failure to respond within the 120 day deadline did "little more than establish a time after which an action for mandamus will lie against the Director to compel a decision on a refund claim." *Id.* Thus, *Farmers & Merchants Bank* supports the decision of the trial court in this case to compel performance by the issuance of mandamus.

The County Commissioners also point out that the County Budget Law, which vests the commission with broad discretion over the "county's coffers," allows county commissions in third and fourth class counties [3] to "alter or change any estimate as public interest may require." They also point out that even though the Law identifies essential budget expenditures (such as costs for elections, highway maintenance, and employee salaries), it provides only that the budget contain adequate provisions for such expenditures. *See* § 50.550. According to Appellants, the County Budget Law gives the commission discretion to determine the amount necessary for essential expenditures. While we do not disagree with this general proposition, we fail to see that it undermines the authority of section 262.597. Whatever the parameters of the commission's discretion on other matters, it is limited in the area of agricultural extension programs.

The plain language of section 262.597 indicates the legislature's desire to provide a minimum amount of funds to agricultural extension programs in each county and to tailor the minimum amount to the amount of agricultural land within that county. The County Budget Law vests the commission with ultimate authority over the "county's coffers." *See* § 50.610. However, the plain language of section 262.597 limits this authority. *See Hunter v. County of Morgan,* 12 S.W.3d 749, 760–61 (Mo. App.2000) (holding that the discretion in

---

**3.** In Missouri, counties are classified into four classifications based on their assessed valua-

tion. § 48.020.

section 50.610 did not authorize the county commission to set compensation of county employees at an amount less than that required by statute).

The trial court did not err when it compelled the commission to appropriate at least $10,000 for the operation of the Extension Center. The judgment is affirmed.

ELLIS and HARDWICK, JJ., concur.