181 S.W.3d 156 (2005)
STATE of Missouri, ex rel., Jason GOODMAN, Appellant,
v.
ST. LOUIS BOARD OF POLICE COMMISSIONERS, Joann Freeman, Susan Rollins, Michael Quinn, Bartholomew Saracino, and Francis Slay, Respondents.
No. ED 85650.
Missouri Court of Appeals, Eastern District, Division Two.
November 1, 2005.
Motion for Rehearing and/or Transfer Denied December 7, 2005.
Application for Transfer Denied January 31, 2006.
*157 Christopher C. Swenson, John M. Challis, Polsinelli Shalton Welte Suelthaus P.C, Clayton, MO, James F. McCarthy, III, Admitted Pro Hac Vice, Katz Teller Brant & Hild, Cincinnati, OH, for appellant.
Office of the City Counselor, Mark Lawson, Associate City Counselor, St. Louis, MO, for respondent.
Motion for Rehearing and/or Transfer to Supreme Court Denied December 7, 2005.
GARY M. GAERTNER, SR., Presiding Judge.
Appellant, State of Missouri ex rel. Jason Goodman ("Goodman"), appeals from the judgment of the Circuit Court of the City of St. Louis granting Respondents', St. Louis Board of Police Commissioners, JoAnn Freeman, Susan Rollins, Michael Quinn, Bartholomew Saracino, and Francis Slay (collectively "the Board"), motion to dismiss. We affirm.[1]
*158 In 2004, Goodman directed two public records requests, pursuant to Chapter 610, RSMo 2000[2] ("the Sunshine Law"), to the St. Louis Police Department ("the Police Department").[3] The first request, dated August 30, 2004, asked the Police Department to disclose all "[a]ccident [r]eports with a report date of August 10, 2004 to and / including August 30, 2004." The second request, dated September 8, 2004, asked the Police Department to disclose all "[a]ccident [r]eports with a report date of August 28, 2004 to and / including September 7, 2004." Both requests sought the same information for their respective report dates:
(b) [o]nly those [a]ccident [r]eports involving 2 or more vehicles;
(c) [n]o [a]ccident [r]eports involving single vehicle accidents;
(d) [n]o [a]ccident [r]eports involving hit and runs;
(e) [a]ll information provided to law enforcement officers by those involved in the accident, and/or witnesses, with the exception of social security numbers.
The Police Department produced incident reports[4] for the requested periods of time, with redactions of the drivers license numbers, license plate numbers, addresses, telephone numbers, and month and date of birth (but not year) of the parties to the accident.
On October 6, 2004, Goodman filed a petition for enforcement and for writ of mandamus, praying the Board be enjoined "from further redacting information in violation of [the Sunshine Law]." Goodman also requested the trial court issue an order of mandamus to the Board "mandating that the requested [incident] reports be made available without any redaction (other than [s]ocial [s]ecurity and [d]river's [l]icense [n]umbers)...." On October 8, 2004, the trial court entered a preliminary order of mandamus directing the Board to file their answer or response to Goodman's petition on or before November 8, 2004.
On November 8, 2004, the Board filed a motion to dismiss Goodman's petition for writ of mandamus. In their supporting memorandum of law, the Board alleged, inter alia, that "[Goodman] is a chiropractor," "[he] routinely makes requests of [the Police Department] for all two-vehicle [incident] reports for accidents which occur within the City of St. Louis," and "the victim information taken from the [incident] reports by [Goodman] was utilized for solicitation purposes."[5]
On November 16, 2004, the trial court issued an order/judgment dismissing Goodman's petition for writ of mandamus with prejudice. The court also adjudged that the Board is not bound by the Sunshine Law to respond to general "bulk" records requests, such as Goodman's, for vehicular incident reports.[6] This appeal followed.
*159 We review a trial court's mandamus judgment as we do any other non-jury civil matter. State ex rel. Hunter v. Lippold, 142 S.W.3d 241, 242 (Mo.App. W.D. 2004). Thus, the court's judgment will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Id. at 242-43. Because this case involves an issue of statutory interpretation, which is an issue of law, our review is de novo. Id. at 243.
In his first point on appeal, Goodman argues that the trial court erred in authorizing the Police Department to redact information from the incident reports he requested.
Section 610.011.2 provides in pertinent part that "[e]xcept as otherwise provided by law ... all public records of public governmental bodies shall be open to the public for inspection and copying. . . ." Section 610.011.2. In other words, public records are open to the public unless a statute protects their disclosure. Oregon County R-IV School Dist. v. LeMon, 739 S.W.2d 553, 557 (Mo.App. S.D.1987). If a statute protects the disclosure of public records, a public governmental body is authorized to "close" those records to the public. See Section 610.021(14); See Section 610.010(1).
Section 610.100.2 provides in pertinent part that "[a]ll incident reports ... shall be open records." Section 610.100.2. An "incident report" is defined as:
a record of a law enforcement agency consisting of the date, time, specific location, name of the victim and immediate facts and circumstances surrounding the initial report of a crime or incident, including any logs of reported crimes, accidents and complaints maintained by that agency. (emphasis added). Section 610.100.1(4).
The rule of statutory interpretation requires us to determine and give effect to the legislative intent of the Sunshine Law. Colombo v. Buford, 935 S.W.2d 690, 697 (Mo.App. W.D.1996). Our guides include the legislative purpose and text of the statute. Hyde v. City of Columbia, 637 S.W.2d 251, 262 (Mo.App. W.D.1982). The legislative purpose of the Sunshine Law is for governmental conduct to be open to public inspection, but not at the expense of the vital personal interests of the citizenry. Id. It is the role of the legislature, and not the courts, to strike the delicate balance between these two competing interests. Id. at 263. The legislature conveys this balance and their intent to us through the express words and implied meaning of the statute. See Tribune Pub. Co. v. Curators of Univ. of Mo., 661 S.W.2d 575, 583 (Mo.App. W.D.1983). We construe the words of the statute in their plain and ordinary meaning. Colombo, 935 S.W.2d at 697 quoting Jones v. Director of Revenue, 832 S.W.2d 516, 517 (Mo.banc 1992).
The express words "consisting of," are unambiguous when construed in their plain and ordinary meaning. Booth v. Greene, 75 S.W.3d 864, 869 (Mo.App. W.D.2002). "The term `consisting of' makes clear that the list is exhaustive." Id.
In this case, it is undisputed that the Board and the Police Department are public governmental bodies. It is further undisputed that the incident reports at issue in this case are public records. The issue in this case is whether statutory provisions in the Sunshine Law protect the disclosure of the information redacted by the Police Department, that is, the license plate numbers, addresses, telephone numbers, and month and date of birth (but not year) of the parties named in the incident reports.
Section 610.100.1(4) reveals that an incident report consists of the following: "the *160 date, time, specific location, name of the victim and immediate facts and circumstances" regarding an incident. Section 610.100.1(4). Only this information specifically delineated in section 610.100.1(4) is considered an open record pursuant to section 610.100.2. The incident reports the Police Department provided to Goodman contained the five pieces of information that make up the exhaustive definition of an incident report. In contrast, the license plate numbers, addresses, telephone numbers, and month and date of birth (but not year) of the parties to the accident are not part of the exhaustive definition of an incident report. Therefore, the trial court did not err in authorizing the Board to close by redaction this information from the incident reports Goodman requested.[7] Point denied.
In his second point on appeal, Goodman argues that the trial court erred in holding that the Police Department is not bound by the Sunshine Law to respond to "bulk" requests for vehicular incident reports such as Goodman.
When there is an occurrence that makes a court's decision unnecessary or makes granting any relief by the court impossible, then the issue is moot and should not be addressed. Care and Treatment of Schottel v. State, 121 S.W.3d 337, 339 (Mo.App. W.D.2003).
In this case, the issue raised in this point on appeal is moot in light of the fact Goodman does not allege in his point relied on or argument portions of his brief that the Board failed to provide Goodman with all of the records he requested in this case. Therefore, this allegation is considered abandoned. See Joyce v. State, 684 S.W.2d 553, 554 (Mo.App. E.D.1984). Point denied.
In his third point on appeal, Goodman argues the trial court erred in considering unverified supplemental facts from the Board in dismissing Goodman's petition.
Goodman contends that the trial court should not have considered the Board's allegations, within its memorandum in support of its motion to dismiss, that Goodman was a chiropractor and that he used the information from the reports for solicitation purposes.
In order to obtain relief on appeal, a party must not only demonstrate error, but also prejudice. LaRocca v. LaRocca, 135 S.W.3d 522, 524 (Mo.App. E.D.2004).
In this case, the trial court stated in its judgment that "[t]he information ... from these vehicular [incident] reports sought by [Goodman], a chiropractor ... is utilized for solicitation purposes .... This Court finds that this information is not necessary for its decision." In addition, Goodman has not denied the veracity of the Board's allegations.[8] Furthermore, our interpretation of the Sunshine Law, as discussed under Point I, is not dependent upon these allegations. Therefore, assuming arguendo that the trial court erred in merely considering the Board's allegations, Goodman has failed to demonstrate that he was prejudiced thereby. Point denied.
*161 Based on the foregoing, the judgment of the trial court is affirmed.
GEORGE W. DRAPER III, J., and KENNETH ROMINES, J., concur.
NOTES
[1] We deny Goodman's motion to strike portions of Saint Louis County's Amicus Curiae brief taken with the case.
[2] All statutory references are to RSMo 2000, unless otherwise indicated.
[3] Because the Board oversees and controls the Police Department, all further references to "the Police Department" also implicitly refer to the Board.
[4] Although Goodman requested copies of "accident reports" from the Police Department, and not "incident reports," Goodman admits in his reply brief that a report of an accident is an incident report and that the two terms are interchangeable. Thus, from this point on we will only reference the term "incident report."
[5] The trial court adopted these allegations as findings of fact in its November 16, 2004 order/judgment.
[6] On December 13, 2004, Goodman filed a "Motion And Memorandum In Support For Leave To File His Memorandum Of Law In Opposition To [the Board's] Motion To Dismiss." It does not appear from the record that the trial court ever ruled upon this motion.
[7] Information that is not expressly listed in the exhaustive definition of an incident report and thereby closed by a police department may be obtained by "[a]ny person, attorney for a person, or insurer of a person involved in any incident or whose property is involved in an incident." Section 610.100.4. Goodman has never alleged that section 610.100.4 applies to his requests for incident reports.
[8] In fact, Goodman admitted in oral arguments that he was a chiropractor.