**Adarine SHAW, Appellant,**

v.

**ADMINISTRATIVE HEARING COMMISSION, et al., Respondents.**

**WD 80771**

Missouri Court of Appeals, Western District.

OPINION FILED: January 9, 2018

---

Richard Blanke, St. Louis, MO, Counsel for Appellant.

Daryl Taylor, Kansas City, MO, Counsel for Respondent.

Before Division One: Cynthia L. Martin, P.J., James Edward Welsh, and Karen King Mitchell, JJ.

James Edward Welsh, Judge

Adarine Shaw appeals the circuit court's judgment affirming the Administrative Hearing Commission's dismissal of her application for attorney's fees as the prevailing party in an earlier proceeding before the Commission. We affirm.

## Background

On July 6, 2012, Shaw was terminated from her position as a Registered Senior Nurse at the St. Louis Psychiatric Rehabilitation Center by Felix Vincenz, Ph.D. (the Chief Operating Officer and "Appointing Authority"). As an employee of Missouri's Department of Mental Health, Shaw appealed to the Administrative Hearing Commission, and the matter was assigned **Case No. 12-1408 PER**.[1] On February 21, 2014, the Commission entered its decision in favor of Shaw and ordered Vincenz to reinstate Shaw to her former position. As neither party sought judicial review, the decision became final thirty days later by operation of law.

On April 3, 2014, having received no notice of appeal in the termination case, the Commission commenced a separate action, **Case No. 14-0409 PBP**, on the issue of back pay. The Commission set a hearing date to determine Shaw's date of reinstatement and calculation of her back pay. Two

---

1. As a state merit system employee, Shaw's employment was governed by Chapter 36, RSMo ("The State Personnel Law"). The Commission is part of Missouri's executive branch, created and existing under Chapter 621, RSMo. It has jurisdiction to adjudicate contested cases between "appointing authorities" and merit system employees, such as Shaw, pursuant to the provisions of Chapter 536, RSMo (Missouri's "Administrative Procedure Act"). § 621.075. Statutory references herein are to the Revised Statutes of Missouri (RSMo) 2000, as updated by the 2013 Cumulative Supplement and the 2014 Non-Cumulative Supplement, except where otherwise noted.

years later, on April 15, 2016, the Commission issued its decision in that case. Shaw appealed the decision to the Circuit Court of the City of St. Louis, which affirmed in part and reversed in part. Shaw's appeal to the Eastern District of this Court is still pending.

In the meantime, on January 8, 2015, nearly a year after Shaw prevailed in Case No. 12-1408 PER (the termination case), she filed an application to recover her attorney's fees pursuant to section 536.087. The Commission assigned Shaw's application **Case No. 15-0019 AF**. Dr. Vincenz filed a motion to dismiss Shaw's fee application as untimely.

On April 21, 2015, the Commission dismissed Shaw's application because it was filed past the thirty-day deadline in section 536.087.3. The Commission explained that:

> [O]nce this Commission has determined that an employee will be reinstated and the parties have let the time for appeal lapse, *that determination becomes the final disposition of an agency proceeding, and the application for attorney fees and expenses must be filed within thirty days* in accordance with § 536.087.3.

Shaw appealed the dismissal of her application to the Cole County Circuit Court, and that court affirmed. Shaw now appeals that decision to this Court.

### Standard of Review

■ On appeal of a circuit court's judgment reviewing an agency decision, this Court "does not review the circuit court's decision, but rather the agency decision, that is, the [Commission's] findings and conclusions [.]" [2] *Mo. Real Estate Appraisers Comm'n v. Funk,* 492 S.W.3d 586, 592 (Mo. banc 2016). The grounds upon which a reviewing court may reverse an administrative decision denying attorney's fees are set forth in section 536.087.7. It provides, in pertinent part:

> The court may modify, reverse or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses ... *was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, or was made contrary to law or in excess of the court's or agency's jurisdiction.*

§ 536.087.7 (emphasis added). We defer to the Commission's findings of fact, but we review questions of law *de novo. Snider v. Mo. Highways and Transp. Comm'n,* 356 S.W.3d 320, 323 (Mo. App. W.D. 2011). The resolution of this appeal involves the interpretation and application of the relevant statutes, which are issues of law. *See State ex rel. Hunter v. Lippold,* 142 S.W.3d 241, 243 (Mo. App. W.D. 2004).

### Discussion

■ In her sole point on appeal, Shaw contends that the Commission's decision to dismiss her application for attorney's fees and costs in Case No. 15-0019 AF was "arbitrary and capricious, unreasonable, and made contrary to law," in that she submitted her application "before the final

---

**2.** In Shaw's petition for judicial review of the dismissal of her application for attorney's fees, she asked the circuit court, alternatively, to issue a writ of mandamus. The court granted judicial review and affirmed the dismissal; it did not address the writ request. The Commission now asserts that, "to the extent Shaw's mandamus claim ... remains at issue, it [presumably meaning this appeal] should be dismissed." We disagree. Shaw does not seek to appeal the circuit court's denial of her request for a preliminary writ, nor could she. *See Bartlett v. Mo. Dep't of Ins.,* 528 S.W.3d 911, 913 (Mo. banc 2017) (denial of a preliminary writ of mandamus is not appealable). In any event, as noted, we review the decision of the Commission, as affirmed by the circuit court.

decision of the Commission reinstating [her] became a 'final disposition' under § 536.087.3."

"[Section] 536.087 provides compensation in the form of attorney's fees and reasonable expenses, to a prevailing party in an action against the state or state agency, if the state or agency's position ... was not substantially justified."[3] *Cooling v. State Dep't of Soc. Servs., Family Support Div.*, 446 S.W.3d 283, 288 (Mo. App. E.D. 2014). Section 536.087.3 sets out the requirements for the fee application. *Id.* at 288-89. It provides, in relevant part:

> A party seeking an award of fees and other expenses shall, **within thirty days of a final disposition in an agency proceeding** or final judgment in a civil action, submit to the court, agency or commission which rendered the final disposition or judgment an application which shows that the party is a prevailing party and is eligible to receive an award under this section[.]

§ 536.087.3 (emphasis added). The Missouri Supreme Court recently confirmed that the statute "require[s] a party who prevails before an agency to submit an application for attorney's fees and expenses to that agency **within 30 days of the final disposition** of the agency proceeding." *Funk*, 492 S.W.3d at 593 (emphasis added). The Court explained that, once the agency proceeding becomes final, either by operation of law or where the case is finally determined on appeal, "the agen-

cy can then determine the attorney's fees awardable, if any." *Id.*

Here, there was no appeal of the Commission's February 21, 2014 decision in Shaw's termination case, and, thus, the decision became final on March 24, 2014. *See* § 536.110.1; *Poplar Bluff Internet, Inc. v. City of Poplar Bluff*, 427 S.W.3d 343, 355 (Mo. App. S.D. 2014). Shaw filed her application for attorney's fees on January 8, 2015, almost a year later. Her application, therefore, was untimely. Shaw argues, nevertheless, that she was not required to file the application within thirty days of the termination decision because the back pay issue was not yet resolved. She claims, in other words, that, because the back pay case was still pending, there was not yet a "final disposition" in her case; thus, the application for attorney's fees could not have been untimely.

Shaw's argument revolves around *Lewis v. Bellefontaine Habilitation Center*, 122 S.W.3d 105 (Mo. App. W.D.2003). Lewis, a state merit system employee, appealed her dismissal from her position at Bellefontaine to the Personal Advisory Board (PAB).[4] *Id.* at 106-07. The PAB disapproved the dismissal and ordered Bellefontaine to reinstate Shaw and pay her "all such salary as has been lost" due to the dismissal. *Id.* at 107. Bellefontaine promptly reinstated Lewis but did not immediately address the back pay issue. *Id.* When Lewis filed an application for attorney's fees more than thirty days after the PAB's reinstatement order, Bellefontaine moved

---

3. Section 536.087 is structured logically: subsections .1 and .2 authorize and set out the requisite conditions for a fee award. *Cooling*, 446 S.W.3d at 288. Subsection .3 sets out requirements for the application, including the time limitations and the allegations to be included. *Id.* at 288-89. Subsection .4 instructs the applicant where to file the application. *Id.* at 289. Subsections .5 and .6 provide directions for awarding or denying an award,

and subsection .7 sets forth the procedures for appeal. *Id.*

4. At the time of the *Lewis* opinion, merit system employee appeal cases were under the jurisdiction of the Personnel Advisory Board (PAB), pursuant to Chapter 36. Such appeals are now decided by the Administrative Hearing Commission, pursuant to Chapter 621. *See* L. 2010 H.B. 1868.

to dismiss. *Id.* The PAB dismissed Lewis's application as untimely. *Id.* Lewis sought judicial review, or, alternatively, a writ of mandamus. *Id.* The circuit court issued the writ and remanded her application to the PAB for consideration. *Id.*

On appeal, this Court affirmed. *Id.* at 112. We observed that, because Lewis "was promptly directed to be physically back to work and back on the payroll" a few weeks after the reinstatement order, "there was absolutely nothing to prevent the PAB from promptly convening an administrative hearing to determine the amount of the back pay award." *Id.* at 111. But the PAB did not do so. *Id.* We, therefore, concluded under the circumstances of that case that we would "consider the order of reinstatement, by itself, without the back pay award, to be less than a 'final disposition' of the matter within the meaning of the attorney's fee statute[.]" *Id.* at 112. Consequently, Lewis's application for attorney's fees was not untimely. *See id.*

Despite Shaw's claims, *Lewis* has no bearing on when Shaw was required to file her application for attorney's fees in this case. That is because the relevant statutes have since been amended to designate the back pay proceeding a "separate action" which is commenced *after* the termination proceeding has become final. *See* § 621.075. *Lewis* was based on section 36.390, as the statute existed in 2003. That statute was amended, first, in 2005 and, then again, in 2010.

In 2003, at the time of the *Lewis* decision, section 36.390 read:

5. .... After the hearing and consideration of the evidence for and against a dismissal, the board shall approve or disapprove such action and may make any one of the following appropriate orders:

(1) Order the reinstatement of the employee to the employee's former position *and the payment to the employee of part or all of such salary as has been lost by reason of such dismissal*[.]

....

§ 36.390.5, RSMo 2000 (emphasis added). In other words, at the time of the *Lewis* decision, the issues concerning reinstatement and back pay were decided in the same case.

In 2005, however, in Senate Bill 149, the General Assembly amended the statute, deleting certain provisions and adding new ones, after which, section 36.390 read, in pertinent part:

5. .... After the hearing and consideration of the evidence for and against a suspension, demotion, or dismissal, the board shall approve or disapprove such action and may make any one of the following appropriate orders:

(1) Order the reinstatement of the employee to the employee's former position[.]

....

7. After an order of reinstatement has been issued and all parties have let the time for appeal lapse or have filed an appeal and that appeal process has become final and the order of reinstatement has been affirmed, the board *shall commence a separate action to determine the date of reinstatement and the amount of back pay owed* to the employee. ....

§ 36.390, RSMo 2005 Cum. Supp. (emphasis added). Subsection .5 no longer included a reference to back pay, and subsection .7 was added to explicitly designate the back pay case a "separate action." In other words, the Legislature divided the resolution of the termination and back pay issues into two separate cases.

On August 28, 2010, in House Bill 1868, the Legislature transferred jurisdiction

over state employee discipline cases arising under Chapter 36 to the Commission, pursuant to Chapter 621. As part of that transfer, the provisions denominating the back pay proceeding a "separate action" in sections 36.390.5(1) and 36.390.7 were moved to sections 621.075.2(1) and 621.075.3, respectively. The *substance* of those provisions was unchanged.[5] By the time of Shaw's termination in 2012, the 2010 version of section 621.075 was controlling.

Due to the foregoing changes in the law, *Lewis* is no longer controlling, as the Commission recognized in its decision. In rejecting Shaw's reliance on *Lewis*, it stated:

> For all intents and purposes, the holding in *Lewis* that no PAB decision reinstating an employee is final until the amount of back pay is determined was abrogated by § 621.075.3, and the determination of whether cause existed for the discipline imposed became a final agency decision if not timely appealed. In other words, once this Commission has determined that an employee will be reinstated and the parties have let the time for appeal lapse, that determination becomes the final disposition of an agency proceeding, and the application for attorney fees and expenses must be filed within thirty days in accordance with § 536.087.3.

Under the statutory scheme as it now stands, once the termination case becomes final, the prevailing party has thirty days in which to file an application for attorney's fees in that case. The fact that there may be a separate, ongoing back pay case

has no bearing on the matter. Accordingly, the Commission did not err in finding that the Commission's decision reversing Shaw's termination had become final after the time for an appeal had lapsed and that Shaw's application was untimely.

Shaw attempts to refute this immutable fact by suggesting that the statutory changes are irrelevant because a separate action on back pay "had always been (and remains) the *de facto* practice anyway," given that the employee could not introduce sufficient evidence in the termination hearing for a determination as to back-pay. In short, Shaw contends that the new "separate action" language merely *codified* the common law as it stood in 2003, and, therefore, *Lewis* is as controlling *now* as it was *then*.

 We disagree. The Commission is purely a "creature of statute" which has "no more and no less authority than that granted it by the legislature." *State Bd. of Regis. for Healing Arts v. Masters*, 512 S.W.2d 150, 161 (Mo. App. 1974). Moreover, when the State consents to be sued, as in section 536.087, "it may be sued *only in the manner and to the extent provided by the statute*[.]" *McGhee v. Dixon*, 973 S.W.2d 847, 849 (Mo. banc 1998) (emphasis added). As such, our resolution of this appeal hinges solely upon the proper interpretation and application of the relevant statutory language. In interpreting and applying the relevant versions of sections 621.075 and 536.087, we must give effect to "the plain and ordinary meaning"

---

**5.** Specifically, like former § 36.390.5(1), § 621.075.2(1) permits the Commission to "[o]rder the reinstatement of the employee to the employee's former position" but contains no reference to the issue of back pay. Subsection .3 of § 621.075 tracks the language of § 36.390.7. It provides that:

> After an order of reinstatement has been issued and all parties have let the time for

appeal lapse or have filed an appeal and that appeal process has become final and the order of reinstatement has been affirmed, the administrative hearing commission *shall commence a separate action to determine the date of reinstatement and the amount of back pay owed* to the employee.
> ....

§ 621.075.3 (emphasis added).

of the statutory language, and we must "apply the statutes *as written*." *Am. Family Mut. Ins. Co. v. Ward*, 774 S.W.2d 135, 137-38 (Mo. banc 1989) (emphasis added). We cannot, as Shaw suggests, interpret statutes based on how we might *think* their prior versions were intended to be interpreted.

As our prior discussion reveals, under the amended statutes, as written, Shaw's back pay case is separate from her termination case and, therefore, had no effect on the deadline for filing her application for attorney's fees in the termination case.[6] Section 621.075.3 makes it clear that the February 21, 2014 termination decision was a final disposition; therefore, Shaw's application filed on January 8, 2015, for attorney's fees related to that decision was untimely under section 536.087.3. Point denied.

### Conclusion

Based on the foregoing, we affirm the Commission's decision dismissing Shaw's application for attorney's fees.

All concur.

---

**6.** In Shaw's application for attorney's fees, she also sought fees related to the separate back pay case. At the time that she filed the application, the Commission had not issued a decision in the back pay case. In fact, that matter is still pending in the Eastern District Court of Appeals. In any event, we need not

---

address that request in this appeal because, as explained *supra*, the back pay case is a separate proceeding from which an application for attorneys' fees can be filed, if and when Shaw becomes the "prevailing party" in that case.