James PORTER, Respondent,

v.

BI-STATE DEVELOPMENT
AGENCY, Appellant.

No. 49563.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 22, 1986.

Harold L. Whitfield, Private Atty., St. Louis, for appellant.

Roy A. Walther, Private Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

Bi-State Development Agency, defendant, appeals from a judgment entered on a jury verdict of $10,000.00 dollars for James Porter, plaintiff, on his claim for personal injuries sustained in a rear-end collision with a Bi-State bus. We affirm.

■ Defendant contends the trial court erred in instructing the jury on the rear-end collision doctrine because of insufficient evidence. A plaintiff is entitled to submit his cause as a rear-end collision if that submission is warranted by consideration of the evidence in the light most favorable to the plaintiff giving him the benefit of all favorable inferences arising from his evidence and disregarding defendant's evidence except as it may aid the plaintiff. *Wagoner v. Hurt,* 554 S.W.2d 587, 589 (Mo.App.1977).

Accordingly, we cite the evidence as follows: Plaintiff was driving an auto southbound on Riverview Boulevard after having made a left turn from Switzer Avenue. He noticed the bus one block away facing south on Riverview waiting for a traffic light to change. His auto remained in the center lane of Riverview and after traveling approximately one block, he felt an impact to the rear of his auto which carried him forward and then backward.

A police officer testified from the police report that there was damage to the left rear of plaintiff's auto and that the bus and auto were both in the center lane.

■ The "rear-end collision doctrine" recognizes that if one person has his vehicle in a portion of the highway where he should have it in view of the course in which he is proceeding and some other person traveling behind him in the same direction overtakes him and permits his vehicle to run into the rear of the one ahead, the proof of a collision under such circumstances makes out a prima facie case of specific negligence against such other driver in charge of the overtaking vehicle. *Coffer v. Paris,* 550 S.W.2d 915, 917 (Mo. App.1977). Evidence to this effect, if believed by a jury, supports a finding of negligence against the driver of the overtaking vehicle. *Jones v. Central States Oil Co.,* 350 Mo. 91, 164 S.W.2d 914, 917 (1942).

■ There is sufficient evidence to support the rear-end collision instruction. *Witherspoon v. Guttierez,* 327 S.W.2d 874, 880 (Mo.1959). Defendant's point is without merit.

■ Defendant next contends that plaintiff's attorney made improper statements in closing argument and specifically told the jury not to follow the law and instructions of the court. We have carefully examined the argument of plaintiff's attorney and do not find that he told the jury not to follow the law or the instructions. This contention, however, is not preserved for appellate review because of the failure to object to the allegedly erroneous argument at the time it was made. *Mueller v. Storbakken,* 583 S.W.2d 179, 186 (Mo. banc 1979).

Defendant, in his reply brief, asks this court to consider the cumulative effect of the statements as plain error. Finding no manifest injustice to defendant, we decline

to invoke Rule 84.13(c). The point is denied.

■ Next, the defendant contends that the jury verdict of $10,000.00 for plaintiff was excessive and against the weight of the evidence. We have authority to reverse and remand for a new trial when the trial court abused its discretion in not granting a new trial on the grounds of excessiveness but no authority to grant a remittitur. *Firestone v. Crown Center Redevelopment Corp.*, 693 S.W.2d 99, 110 (Mo. banc 1985). The record shows that plaintiff incurred approximately $3,697.00 in expenses as a result of the collision which includes a $238.00 hospital bill, $2,059.00 for chiropractic treatment and $1,400.00 in lost wages. The remaining $6,300.00 is for past and future pain and suffering for injuries to the neck, shoulder and back. Plaintiff's chiropractor testified that plaintiff "would probably have difficulty indefinitely with his neck and upper back primarily." Additionally, plaintiff testified that at the time of trial, which was three and one-half years after the collision, he still could not raise his left arm over his shoulder and that he had intermittent pain in his neck and back. Based on this record, the verdict is not excessive. *Milam v. Vestal*, 671 S.W.2d 448, 453 (Mo.App.1984). Point denied.

■ Defendant's fourth contention is that there was insufficient evidence to support plaintiff's future damage instruction. We disagree. In determining whether there was substantial evidence to support the giving of a particular instruction, we view the evidence in the light most favorable to the party tendering the instruction. *Carter v. Boys' Club of Greater Kansas City*, 552 S.W.2d 327, 333 (Mo.App.1977). Plaintiff's chiropractor testified that as a result of the collision, plaintiff sustained injury to the muscles and tendons in his neck, left shoulder and back. As said, the chiropractor testified that plaintiff "would probably have difficulty indefinitely with his neck and upper back primarily." Plaintiff was treated by the chiropractor for sixty-eight sessions from June 1981 through December 1982 by manipulation and intersegmental traction of the affected areas. Plaintiff complained at trial, three and a half years after the collision, that he still had difficulty with his left arm and pain in his neck and his back. Long continuance of conditions existing at trial is sufficient to warrant giving an instruction on damages for future pain and suffering. *Jones v. Allen*, 473 S.W.2d 763, 766 (Mo. App.1971). The point is without merit.

■ Defendant's last contention to be considered is that the trial court erred in permitting plaintiff's attorney to read to the jury from a mortality table since the evidence did not support permanent injury and the court subsequently did not instruct the jury on permanent damages. We agree that before plaintiff's life expectancy is admissible, substantial evidence of permanent injury must be established at trial. *Rucker v. Illinois Terminal R. Co.*, 364 Mo. 804, 268 S.W.2d 849, 854 (Mo.1954).

■ Even assuming that plaintiff did not make a submissible showing of permanent injury based on the testimony of the chiropractor and his own testimony, we do not believe that the alleged error in admitting the mortality table materially affected the merits of the action particularly in view of the fact that the record fails to support defendant's claim that consideration of the mortality table resulted in an excessive verdict. *Simmons v. Jones*, 361 S.W.2d 860, 863 (Mo.App.1962); Rule 84.13(b). Point denied.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.