**Leonard KOENKE, Jr., et al., Appellants,**

v.

**Donald ELDENBURG, M.D., Respondent.**

**No. WD 42713.**

Missouri Court of Appeals, Western District.

Dec. 18, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 1991.

Application to Transfer Denied March 5, 1991.

James F. Crews, Mary Kay Sommer Lutz, Tipton, for appellants.

Mark T. Kempton, Andrew Carroll, Sedalia, for respondent.

Before KENNEDY, P.J., and SHANGLER and GAITAN, JJ.

KENNEDY, Presiding Judge.

Leonard Koenke, Jr., surviving husband of Dorothy Koenke, sued Dr. Donald Eldenburg for Dr. Eldenburg's alleged negligence in failing to make an early diagnosis of a malignant melanoma which caused Dorothy Koenke's death. A jury rendered a verdict for defendant, and Koenke appeals from the ensuing judgment.

Dorothy Koenke consulted Dr. Eldenburg on August 11, 1978, complaining of a lesion on her right heel. Dr. Eldenburg diagnosed the lesion as a plantar wart and prescribed radiation therapy. He referred her to Dr. Daum, a radiologist, who gave a course of X-ray treatments. In the following three years, Dorothy Koenke consulted Dr. Eldenburg for various conditions, including a lesion on her right heel. Whether the lesion was the same or a different one from the one which was present on August 11, 1978, is a disputed point. On March 10, 1981, Dr. Eldenburg had the lesion biopsied and diagnosed it as a malignant melanoma, from which malignancy Dorothy Koenke died on December 19, 1981.

## I. *Plaintiff's Rule 51.04 Motion for Change of Venue*

■ Plaintiff says the trial court erred in denying plaintiff's motion for a change of venue from Pettis County, made on the ground that the defendant had an undue influence over the inhabitants of the county. Rule 51.04(a)(2). The defendant filed a denial of the cause alleged in the application, and an evidentiary hearing was held. Rule 51.04(e).

On the evidentiary hearing the plaintiff presented testimony that Dr. Eldenburg was chief of staff of Bothwell Hospital of Sedalia, Pettis County's only hospital; that he and his partners had an extensive medical practice throughout Pettis County; that he had practiced medicine in Pettis County for 21 years; that he enjoyed a reputation as a skilled physician in the vicinity; and that he was a well-known and popular man. Leonard Koenke, Jr., on the other hand, was a resident of adjoining Morgan County, where the decedent had also lived before her death. While this evidence, if believed by the trial court, would perhaps have supported the granting of a change of venue upon plaintiff's motion, we are unable to say such a result was mandated thereby. The burden to prove the grounds alleged in the motion was upon plaintiff. *State ex rel. Missouri Highway & Transp. Comm. v. Johnson,* 658 S.W.2d 900, 903 (Mo.App.1983); *Chandler v. New Moon Homes, Inc.,* 418 S.W.2d 130, 135 (Mo. banc 1967); *Clemons v. Becker,* 283 S.W.2d 449, 451 (Mo.1955). The granting of a change of venue for cause under Rule 51.04 is within the trial court's discretion, and the court's ruling is reviewable for abuse of discretion. *Firestone v. Crown Center Redevelopment Corp.,* 693 S.W.2d 99, 101 (Mo. banc 1985). We are unable to say that the trial court abused its discretion in denying plaintiff's motion for change of venue.

Plaintiff orally renewed his motion for change of venue after the voir dire of the jury panel on April 4, 1989. (Defendant says plaintiff's oral renewal of his motion for change of venue was ineffectual to present the issue to the court, but that plaintiff was required to present the issue by another written motion in accordance with Rule 51.04. It is unnecessary to rule that contention since we find on the merits the trial court's ruling was not in error.) Of the panel of 30, four of the veniremen said they were patients of Dr. Eldenburg and would be biased in his favor. Two others were present or former patients of Dr. Eldenburg, but said they could be impartial. This entire panel, however, upon plaintiff's motion and with defendant's consent, was discharged by the court upon

other grounds. The court denied plaintiff's renewed motion for a change of venue.

Of the later panel, from which the jury was selected for the trial of the case, some were excused for cause because they were patients of Dr. Eldenburg or had some other relationship to him and indicated an inability on that account to be impartial. The number of such excusals does not seem to be out of the ordinary. Nothing in the voir dire answers of the veniremen indicated they were under any undue influence of the defendant. This time the motion for change of venue was not renewed by plaintiff, and a jury of twelve jurors and an alternate were selected.

We cannot convict the trial court of error in its denial of the motion for change of venue, made after the evidentiary hearing, or upon plaintiff's renewal of the motion after voir dire of the first jury panel.

## II. *Plaintiff's Challenge for Cause to Venireperson Evelyn P. Howard*

■ Plaintiff says the trial court erred in denying plaintiff's challenge for cause to venireperson Evelyn P. Howard. In his motion for a new trial, plaintiff listed the challenged juror as Jeanne Marie Kennedy, not Evelyn P. Howard. Plaintiff subsequently requested leave to amend his motion for a new trial to substitute the name of Evelyn P. Howard for that of Jeanne Marie Kennedy as the challenged juror.

This allegation of error is not preserved for review because it was not presented in plaintiff's motion for a new trial. Rule 78.07 requires that allegations of error be presented in a motion for a new trial and no allegations of error will be considered on appeal unless presented in a motion for a new trial. *M.P. Industries, Inc. v. Axelrod,* 706 S.W.2d 589, 592 (Mo.App.1986); *St. John Bank & Trust Co. v. St. John,* 679 S.W.2d 399, 404 (Mo.App.1984); *Pruitt v. Community Tire Co.,* 678 S.W.2d 424, 429 (Mo.App.1984). The alleged error was attempted to be raised by an amended motion for a new trial, but the amended motion for a new trial was filed more than 15 days after the entry of judgment and was therefore without effect. Rule 78.04; *Greco v. Robinson,* 747 S.W.2d 730, 734 (Mo. App.1988); *Lloyd v. Garren,* 366 S.W.2d

341, 344 (Mo.1963). This allegation of error is dismissed for failure to preserve the issue for appellate review.

### III. *Exclusion of Photographs*

■ Plaintiff charges error in the trial court's refusal to admit photographs, taken on March 23, 1981, and in April and August of 1981, of the lesion on Dorothy Koenke's heel. The photographs were included in the medical records of M.D. Anderson Hospital of Houston, Texas. They have not been filed here, but plaintiff says they show "a rather large gruesome sore." We are unable to see that plaintiff was prejudiced by the exclusion of these photographs; they do not tend to support plaintiff's position on any disputed point. Defendant himself had biopsied the lesion on Dorothy Koenke's heel on March 10, 1981, 13 days before the first of the photographs, and had determined that the lesion was a malignant melanoma. As of that time and later there is no dispute about the lesion and its malignant character. Defendant's negligence, says the plaintiff, lay in his failure to diagnose the malignancy earlier. The photographs would have no tendency to show that the condition shown in the pictures existed earlier. Defendant on August 16, 1978, had diagnosed a lesion on plaintiff's heel as a plantar wart, a benign lesion. Plaintiff says it was the same lesion as the one later diagnosed as malignant melanoma. Defendant, on the other hand, claims the plantar wart was healed and the melanoma was another and a different lesion. The photographs do not help to resolve that issue. Since the jury found against plaintiff on the issue of liability, the issue of damages—on which the photographs might have been relevant—passed out of the case.

If the court was in error in excluding the photographs, the error was not prejudicial to plaintiff. "No appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action." Rule 84.13(b); *Wilson v. Lockwood,* 711 S.W.2d 545, 554 (Mo.App.1986); *Williams v. Venture Stores, Inc.,* 673 S.W.2d 480, 483 (Mo.App. 1984).

### IV. *Trial Court's Response to Jury Request*

■ Plaintiff complains of the trial court's response to the jury's request during their deliberations of "chart from M.D. Anderson." The M.D. Anderson hospital records, consisting of 405 pages, had been identified as business records and admitted in evidence, subject to specific objections to any part of the records which might later be offered to be read to or exhibited to the jury. (If there was any part of these records which was read to or exhibited to the jury, plaintiff's brief does not tell us what it was or where it might be found in the transcript.) When the court received the note from the jury, plaintiff's counsel took the position that the M.D. Anderson records should be sent to the jury in their entirety, but the trial court indicated that they could not be sent to the jury. After some discussion with counsel, he sent to the jury the message, "The chart is not in evidence." Plaintiff objected to the court's message, urging instead that the court advise the jury that "It's not available for your inspection and use at this time."

Plaintiff does not maintain here that the trial court should have sent the M.D. Anderson records to the jury at their request, but argues that the court's message to the jury that "The chart is not in evidence" was incorrect and misleading. We are unable to see how the court's message, although not precisely accurate, was prejudicial to plaintiff, and plaintiff makes no effort to explain to us how it was so. In the absence of prejudice to appellant, no error warrants a reversal of the judgment. Rule 84.13(b); *Porter v. Bi–State Dev. Agency,* 710 S.W.2d 435, 437 (Mo.App. 1986); *Wood v. Wood,* 709 S.W.2d 143, 147 (Mo.App.1986).

### V. *Admission of Statement of Present Physical Condition by Plaintiff's Decedent*

■ Plaintiff claims it was error to admit evidence of a statement made by the decedent, Dorothy Koenke, to the radiologist, Dr. Daum, who had treated the supposed plantar wart by radiation upon reference by Dr. Eldenburg following Dorothy

Koenke's August 16, 1978, visit to Dr. Eldenburg about the condition. Between six weeks and two months after Dr. Daum had last treated her, Dorothy Koenke accompanied her mother to Dr. Daum's office. Dr. Daum asked Dorothy Koenke "how her foot was doing." Dorothy Koenke answered, "Fine." Dr. Daum asked her if she would like him to check it, "... and she said, No, that she was going to see Dr. Eldenburg, and if it bothered her she'd let him know."

Plaintiff says that these statements of Dorothy Koenke to Dr. Daum were hearsay and ought to have been excluded. If Dorothy Koenke had survived and had been the plaintiff in the malpractice claim against Dr. Eldenburg, her statements to Dr. Daum would undoubtedly have been admissible as an admission by a party-opponent. Fed.R.Evid. 801(d)(2); 4 Wigmore, *Evidence* § 1048 (Chadbourn rev.1972); *Carpenter v. Davis*, 435 S.W.2d 382, 384 (Mo. banc 1968); *Neely v. Kansas City Public Service Co.*, 241 Mo.App. 1244, 252 S.W.2d 88, 91 (1952). It is held in *McComb v. Vaughn*, 358 Mo. 951, 218 S.W.2d 548, 550–51 (1949), however, that plaintiff's decedent in a wrongful death action is not in privity with the plaintiff and decedent's out-of-court statements (in that case about the negligent operation of his motorcycle before the fatal accident) are not admissible as admissions, but are excludable as hearsay unless they qualify for admission as some other recognized exception to the hearsay rule. According to the *McComb* rule, plaintiff's decedent with respect to his or her out-of-court statements stands on the same footing as a stranger to the lawsuit—a result decried in the dissenting opinion of Judge Finch in *Carpenter v. Davis*, 435 S.W.2d at 385, but the rule seems through the years to have escaped critical reexamination.

■ In this case, however, Dorothy Koenke's statement to Dr. Daum that her foot was "fine," and that she would let Dr. Eldenburg know if it bothered her, although inadmissible as an admission, was a statement of *present physical condition*, which is held to be admissible for the truth of the statement as an exception to the hearsay rule. *Kickham v. Carter*, 335 S.W.2d 83, 91 (Mo.1960); *Kenney v. J.A. Folger & Co.*, 192 S.W.2d 73, 77 (Mo.App. 1946); *Jones v. Central States Oil Co.*, 170 S.W.2d 153, 159 (Mo.App.1943); Fed.R. Evid. 803(3); *Mabry v. Travelers Ins. Co.*, 193 F.2d 497, 498 (5th Cir.1952); *Travelers Ins. Co. v. Mosley*, 8 Wall. 397, 19 L.Ed. 437 (1869); 6 Wigmore, *Evidence* §§ 1714–1721 (Chadbourn rev.1972); E. Cleary, *McCormick on Evidence* § 291 (3d ed. 1984); 29 Am.Jur.2d *Evidence* §§ 655–656 (1967).[1]

We find no reversible error. The judgment is affirmed.

All concur.

---

1. The admission into evidence of a person's statements with respect to *past* physical conditions is subject to different limitations. *See Breeding v. Dodson Trailer Repair, Inc.*, 679 S.W.2d 281, 284–85 (Mo. banc 1984), and *Peters v. Johnson & Johnson Products, Inc.*, 783 S.W.2d 442, 445–46 (Mo.App.1990).