

# Missouri Court of Appeals

## Southern District

### Division Two

RYAN N. EVANS,            )
                                )
      Movant-Appellant,     )
                                )
v.                             )      No. SD35635
                                )      Filed: May 24, 2019
STATE OF MISSOURI,     )
                                )
      Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable John D. Beger, Circuit Judge

### **AFFIRMED**

Ryan Evans (Evans) appeals from an order denying his amended Rule 29.15 motion to set aside his convictions for abuse of a child and second-degree felony murder. *See* §§ 568.060, 565.021.1(2).[1] Because the motion court's decision to deny relief after an evidentiary hearing was not clearly erroneous, we affirm.

Evans bore the burden of proving the grounds asserted in his post-conviction motion by a preponderance of the evidence. *See* Rule 29.15(i); ***McLaughlin v. State***, 378 S.W.3d 328, 337 (Mo. banc 2012). Our review of the denial of a Rule 29.15 motion is

---

[1] All rule references are to Missouri Court Rules (2019). All statutory references are to RSMo (2000).

limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005). We will find clear error only if a full review of the record leaves us with a definite and firm impression that a mistake has been made. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). We presume the motion court's findings and conclusions are correct. *McLaughlin*, 378 S.W.3d at 336-37. Further, "this Court defers to the motion court's determination of credibility." *Smith v. State*, 413 S.W.3d 709, 715 (Mo. App. 2013). The following summary of facts has been prepared in accordance with these principles.

Evans was charged with second-degree felony murder for allegedly committing the class A felony of abuse of a child, resulting in death. *See* §§ 565.021.1(2), 568.060.3(2). These charges stemmed from events that occurred in October 2006 against an 18-month-old child (Victim). Insofar as relevant here, an autopsy was performed soon after Victim's death. Prior to Evans' jury trial, his defense counsel, Mark Prugh (Prugh), filed a motion in limine to exclude the autopsy results. Prugh argued that the results were inadmissible because the doctor who performed the autopsy, Dr. Joshua Lanter, was not a "certified child death pathologist" as required by § 58.722. In response, the State argued that the cited statute only applied if there is a disagreement about whether an autopsy should be performed. Because there was no disagreement in this case, the prosecutor argued that the statute did not require that the autopsy be performed by a certified child death pathologist. The trial court agreed and denied the motion.

At trial, Prugh did not object to Dr. Lanter's testimony concerning the autopsy. The doctor testified to a reasonable degree of medical certainty that the cause of Victim's death was a closed head injury inflicted by blunt trauma and that the manner of death was homicide. This opinion was confirmed by his supervisor, Dr. Phillip Burch. Dr. Burch was

2

a deputy chief medical examiner for the City of St. Louis, Missouri, and a certified forensic pathologist, who observed Victim's autopsy and independently reviewed Dr. Lanter's results. Other medical professionals treating Victim before he died similarly testified that Victim suffered traumatic brain injury consistent with child abuse that caused his death.

The jury found Evans guilty as charged. He was sentenced to concurrent terms of life imprisonment for abuse of a child and 30 years for second-degree murder. This Court affirmed his convictions and sentences on direct appeal. *State v. Evans*, 517 S.W.3d 528 (Mo. App. 2015).

Evans filed a *pro se* motion seeking relief pursuant to Rule 29.15. Thereafter, appointed counsel filed an amended motion.[2] In the amended motion, Evans claimed, *inter alia*, that Prugh was ineffective for failing to object to the trial testimony of Dr. Lanter "on the basis that he was the physician that conducted the autopsy … and he was statutorily unqualified to do so" pursuant to § 58.722.

The motion court conducted an evidentiary hearing, at which Prugh was the only witness. Prugh did not object to Dr. Lanter's testimony because an objection would have likely been "shot down" and may have done more harm than good:

> I think everybody who's done a trial who's trying to win a jury trial knows if you're trying to discredit an expert, if you object and you know your objection is gonna be shot down, you're just – you're enhancing the credibility of that expert and you're not doing your client any good.

Thereafter, the motion court issued findings of fact and conclusions of law denying Evans' amended motion for post-conviction relief. In rejecting the aforementioned claim,

---

[2] This Court has independently verified the timeliness of Evans' post-conviction motions. *See* **Moore v. State**, 458 S.W.3d 822, 825-26 (Mo. banc 2015); **Dorris v. State**, 360 S.W.3d 260, 268 (Mo. banc 2012).

the motion court concluded that trial counsel Prugh's decision not to object was reasonable trial strategy:

> Trial counsel certainly was reasonable in concluding that an objection to [Dr. Lanter], based on § 58.722, would not be successful. As Mr. Prugh stated on several occasions, he did not think it sound strategy to object to the qualifications of an expert, only to have that objection overruled and, and as a result, the expert's qualifications be affirmed in the minds of the jurors by the trial judge's ruling.

This appeal followed.

In Evans' sole point on appeal, he argues that Prugh's failure to object to Dr. Lanter's testimony constituted ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of trial counsel, the movant must satisfy a two-prong test. *Zink*, 278 S.W.3d at 175. First, the movant must "show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689. Second, the movant must show that trial counsel's failure prejudiced him. *Id*. at 687; *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006) (to satisfy the prejudice prong under the *Strickland* test, movant is required to show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). Both of these prongs must be shown in order to prove ineffective assistance of counsel. *Zink*, 278 S.W.3d at 175. Movant must overcome a strong presumption that counsel's conduct was reasonable and effective. *Id*. at 176.

Evans' point contends the motion court clearly erred because "trial counsel was ineffective for failing to object to testimony of Dr. Lanter and evidence derived from the autopsy[.]" According to Evans, "Dr. Lanter was not qualified to perform the autopsy

4

under Section 58.722 [and had] counsel objected to all evidence derived from the autopsy, the state would not have been able to use that evidence against him and there is a reasonable probability that the result of the trial would have been different." We disagree.

Here, Evans failed to demonstrate that trial counsel's failure to object was unreasonable trial strategy. As Prugh himself recognized, even seasoned trial attorneys will oftentimes not object to otherwise improper questions or arguments, because it is feared that certain objections "highlight the statements complained of, resulting in more harm than good." *Barton v. State*, 432 S.W.3d 741, 754 (Mo. banc 2014) (citation omitted); *see Marshall v. State*, 567 S.W.3d 283, 293 (Mo. App. 2019) (merely because trial counsel failed to object to everything objectionable does not equate to incompetence or ineffective assistance of counsel).

In addition, Evans failed to prove that he was prejudiced by trial counsel's alleged error. Evans' argument concerning prejudice is based on the premise that counsel's objection to Dr. Lanter's testimony under § 58.722 would have been meritorious. That premise is false. The upshot of Evans' argument is that: (1) § 58.722 required Victim's autopsy to be performed by a certified child death pathologist; and (2) failure to follow that procedure rendered Dr. Lanter's autopsy results inadmissible. That is not a correct interpretation of the statute.

Section 58.722 applies to death of a child under the age of 18. Insofar as relevant here, the statute states:

> 3. When a child under the age of eighteen years, who is eligible to receive a certificate of live birth, dies, the medical examiner shall notify a certified child death pathologist to determine the need for an autopsy. *The certified child death pathologist, in conjunction with the medical examiner, shall determine the need for an autopsy. If there is disagreement concerning the need for the autopsy, the certified child death pathologist shall make the determination unless the child fatality review panel, within twelve hours, decides against the certified child death pathologist.*

5

> 4. *When there is a disagreement regarding the necessity for an autopsy*, the certified child death pathologist shall file a report with the chairman of the child fatality review panel indicating the basis for the disagreement. The pathologist's report on the disagreement shall be included in the report to the department of social services, state technical assistance team. *If an autopsy is determined necessary, the autopsy shall be performed by a certified child death pathologist* within twenty-four hours of receipt of the body by the pathologist or within twenty-four hours of the agreement by the pathologist to perform the autopsy, whichever occurs later.

§ 58.722.3-.4 (italics added). Thus, according to the statute, a "certified child death pathologist" is required to perform an autopsy *only* when there is a disagreement about the need for an autopsy. § 58.722.4.[3] Here, the trial court was told that there was no disagreement in this case about the need for an autopsy. Evans does not argue otherwise. Because § 58.722 does not apply, Evans cannot rely on this statute to argue that Dr. Lanter was "not qualified" to perform the autopsy.[4] Consequently, an objection based on § 58.722

---

[3] We note that generally, § 58.725 requires the **medical examiner** to both: (1) determine the need for an autopsy; and (2) perform the autopsy if the medical examiner is a pathologist. *Id*.; *News-Press & Gazette Co. v. Cathcart*, 974 S.W.2d 576, 580 (Mo. App. 1998) ("[w]hen necessary, an autopsy shall be performed by the medical examiner"). The autopsy may also be performed "by such competent pathologist as may be authorized and employed by the medical examiner." § 58.725. This requirement was met because Dr. Lanter was a pathologist authorized to conduct Victim's autopsy under Dr. Burch's supervision, and Dr. Burch was employed as a deputy chief medical examiner.

[4] Even if a certified child death pathologist was required to perform the autopsy in this case, Evans' argument to exclude the autopsy results fails. While § 58.722 requires a certified child death pathologist to perform the autopsy under certain circumstances, the statute provides no sanction for a failure to do so. There is nothing in the statute to suggest that the results of an autopsy performed by someone else are inadmissible. Evans did not allege any errors in the performance of Victim's autopsy by Dr. Lanter that would render his results unreliable. Accordingly, § 58.722 "is merely directory." **State ex rel. Hunter v. Lippold**, 142 S.W.3d 241, 244 (Mo. App. 2004) ("when a statute merely requires certain things to be done and nowhere prescribes the results that shall follow if such things are not done … the statute is merely directory"); *see also* **City of St. Peters v. Roeder**, 466 S.W.3d 538, 546 (Mo. banc 2015) (generally, the term "shall" has been interpreted to be directory when the statute does not provide what result will follow for failing to comply with its terms).

6

would not have been meritorious. Trial counsel is not ineffective for failing to make a non-meritorious objection. *Zink*, 278 S.W.3d at 188; *Marshall*, 567 S.W.3d at 292; *see also Anderson v. State*, 564 S.W.3d 592, 615 (Mo. banc 2018); *Tucker v. State*, 468 S.W.3d 468, 475 (Mo. App. 2015).

Moreover, Evans cannot show a reasonable likelihood of a different result had counsel successfully objected to the autopsy results. Multiple medical professionals testified as to Victim's injuries and the causes of those injuries based on their own observations and treatments that were independent of the autopsy. A CT scan taken at the hospital before Victim died showed a swollen brain with bleeding on top of the brain. Three doctors who treated Victim at the hospital testified that the injuries they observed showed that Victim suffered traumatic, inflicted brain injuries that resulted in his death. Even without the autopsy results, the jury had overwhelming evidence that supported a finding that Victim died as a result of child abuse. It is well settled that a party cannot be prejudiced by the admission of allegedly inadmissible evidence if the challenged evidence is merely cumulative to other evidence admitted without objection. *Swartz v. Gale Webb Transp. Co.*, 215 S.W.3d 127, 134 (Mo. banc 2007); *Williams v. State*, 226 S.W.3d 871, 875 (Mo. App. 2007).

For all these reasons, the motion court did not clearly err in denying Evans' claim that his trial counsel was ineffective for failing to object to Dr. Lanter's testimony and evidence derived from the autopsy. Evans' point is denied.

The judgment of the trial court is affirmed.

JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR

7