

# Missouri Court of Appeals
### Southern District
### Division Two

GARY L. MITCHELL, JR.,        )
         )
        Appellant,     )
         )
   vs.        )   No. SD36227
         )
STATE OF MISSOURI,       )   FILED: March 23, 2020
         )
        Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY
Honorable David C. Dally, Senior Judge

(*Before Scott, P.J., Bates, C.J., and Burrell, J.*)

PER CURIAM. Convicted of class A felony drug trafficking, Gary Mitchell unsuccessfully sought Rule 29.15 post-conviction relief. He appeals, claiming ineffectiveness of trial counsel in not requesting lesser-included-offense instructions and not calling a particular witness ("B.F.").

Courts strongly presume counsel was effective. To prevail below, Mitchell had to prove (1) objectively-unreasonable assistance, and (2) resulting prejudice. ***Evans v. State***, 575 S.W.3d 779, 782 (Mo.App. 2019). To win on appeal, Mitchell must show the motion court clearly erred in denying his claims. Rule 29.15(k).

### Failure to Instruct Down/Nested Lesser Offenses

In Points 1 and 2, Mitchell claims his lawyer ("Counsel") was ineffective in not seeking to instruct down to two allegedly "nested" lesser offenses per ***State v. Pierce***, 433 S.W.3d 424 (Mo. banc 2014), and its companion case, ***State v. Jackson***, 433 S.W.3d 390 (Mo. banc 2014), both decided after Mitchell's trial.

We disagree. ***Meiners v. State***, 540 S.W.3d 832, 839-41 (Mo. banc 2018), rejected a claim that counsel was ineffective in not appealing the trial court's pre-***Jackson*** refusal to instruct down. Our supreme court reviewed prior law and found that instructing-down principles emphasized in ***Jackson*** (and ***Pierce***) were not previously so clear and obvious that counsel's performance was objectively unreasonable. ***Id***. at 839-41. To declare counsel ineffective "would be to require the prediction of ***Jackson***'s holding. As this Court has repeatedly held, a failure to anticipate a change in the law does not constitute ineffective assistance of counsel." ***Id***. at 841.

The motion court here did not err in ruling similarly,[1] so we need not reach Mitchell's theory of prejudice or the state's counter-arguments. Points denied.

### Failure to Call Witness

Counsel's decision not to have B.F. testify, "as a matter of trial strategy, is virtually unchallengeable." ***Cusumano v. State***, 495 S.W.3d 231, 236 (Mo.App. 2016). The motion court cited Counsel's concern about B.F.'s criminal history, and Counsel's opinion that B.F.'s testimony "would only duplicate" that of Mitchell and another witness, which would not "add a great deal" and B.F.'s prior record "might have actually been damaging." The motion court also stated that it had "read and reread" B.F.'s scant PCR testimony and could "find no benefit to [Mitchell] if [B.F.] had been available and had testified."[2] Having read B.F.'s testimony ourselves, we find no clear error in this claim's denial. Point 3 fails. Judgment affirmed.

---

[1] We quote the motion court in pertinent part:

> There was never any dispute over the nature of the drugs or the quantity of the drugs. It is important to note that this case went to trial long before the Missouri Supreme Court came down with their opinion in State v. Pierce, 433 S.W.3d 424 (Mo Banc 2014). The Pierce opinion was a substantial change in the law as to when a lesser included instruction should be given in a criminal case.

[2] Relevant because Mitchell had to show, among other things, that B.F.'s testimony "would have produced a viable defense." ***Cusumano***, 495 S.W.3d at 236.



# Missouri Court of Appeals

## Southern District

### Division Two

GARY L. MITCHELL, JR., )
                                )
              Appellant, )
                                )
  vs. ) No. SD36227
                                )
STATE OF MISSOURI, ) FILED: March 23, 2020
                                )
             Respondent. )

### CONCURRING OPINION

I concur, but wish to address the prejudice issue not reached by the court.

Analysis of *error* for not instructing down differs from analysis for resulting *prejudice*. **State v. Jensen**, 524 S.W.3d 33, 40 n.5 (Mo. banc 2017). **State v. Jackson** and cases early thereafter tended to give prejudice short shrift,[1] which our supreme court soon sought to remedy, predictably confirming that **Jackson** error raises a presumption of prejudice the state must "clearly" rebut to avoid reversal. **Jensen** 524 S.W.3d at 38 & n.3; **Smith**, 522 S.W.3d at 226. But still unclear is the full range of ways to do so.[2]

---

[1] *See **Jackson***, 433 S.W.3d at 395 & n.4, *discussed in **State v. Prine***, 456 S.W.3d 876, 883-85 (Mo.App. 2015)(Scott, J., concurring). *See also **Jensen***, 524 S.W.3d at 38 (**Jackson** expressed no framework to analyze prejudice); **State v. Smith**, 522 S.W.3d 221, 226 n.7 (Mo. banc 2017)(**Jackson** did not discuss ways to rebut presumed prejudice).

[2] "**Jackson** does not discuss the various ways the State may overcome the presumption of prejudice." **Smith**, 522 S.W.3d at 226-27 n.7. There may be multiple ways. *Id*. *See also **Jensen***, 524 S.W.3d at 38 (**Jackson** fails to express framework to analyze prejudice).

Judge Fischer has championed a view that strong proof of the differential element, in light of the jury instructions given and our presumption that jurors follow those instructions, can rebut this presumed prejudice in appropriate cases.[3] I write to show how **Jackson**, **Pierce**, and their stated logic support this view.

**Jackson** requires instructions on nested-lesser offenses if requested, even if differential-element proof is viewed as "airtight, inescapable, or even absolutely certain." 433 S.W.3d at 399-400. In justification, **Jackson** hypothesizes a case where differential-element proof would convince *every* reasonable juror of the greater offense. **Id**. at 402-03. A lesser-offense instruction in that situation, per **Jackson**, will not affect a "reasonable" jury because "it will convict the defendant of the greater offense whether the lesser included offense instruction is given or not." **Id**. at 403. Instructing down in that scenario affects only an "unreasonable" jury that honestly but unreasonably mis-views the evidence. **Id**. The **Jackson** court saw no harm, and some benefit, in an instruction that helped "unreasonable" jurors reach a sub-optimal but permitted verdict in that situation. **Id**.

**Jackson**'s cited scenario addresses the theoretical and theoretically-rare unreasonable jury. Far more common are cases with equally-convincing proof and *reasonable* juries. Failure to instruct down in those trials still is error, but what *prejudice* results? None. To reprise **Jackson**, the reasonable jury's verdict is the same "whether the lesser included offense instruction is given or not." **Id**.

Likewise, take **Pierce**'s hypothetical of "undisputed – even undisputable – proof" that a defendant possessed 2,000 grams of cocaine when just two grams constituted trafficking. 433 S.W.3d at 432. Just as in **Jackson**, the logic that calls for instructing down, even in that situation, equally indicates that no prejudice results from failure to do so. *See* **Jackson**, 433 S.W.3d at 403.

**Pierce** purposely posed an extreme example (2 grams vs. 2,000). Yet drug cases frequently have such "undisputed – even undisputable – proof" of a banned

---

[3] *See* **Smith**, 522 S.W.3d at 233 & nn.1, 3 (Fischer, C.J., concurring and dissenting); **Jensen**, 524 S.W.3d at 44 (Fischer, C.J., concurring and dissenting). *Cf.* **Meiners v. State**, 540 S.W.3d 832, 842 (Mo. banc 2018)(Fischer, C.J., concurring in result)(opining that PCR counsel was ineffective, but no prejudice because record showed no reasonable probability that jury would have "gone down" to involuntary manslaughter even with the requested instruction).

substance's nature and quantity that the defense tacitly concedes those elements. In fact, that was so at Mitchell's trial, as Counsel testified at the PCR hearing:

> Q: And we've marked that as Exhibit Number 4, I won't have you look at it but she [crime lab witness] testified there was 50.3 grams of powder cocaine, which is cocaine, hydrochloride and 45.7 grams of cocaine base, does that sound about right?
>
> A: That sounds right.
>
> Q: Okay. So, it was just your presumption that a trafficking - or those lesser included instructions would not be justified; correct?
>
> A: As I say, it doesn't seem to be a close call, 45 is great deal more than 24 and I know of no ground for attacking her assertion that there were 45 grams of crack cocaine.

Like *Jackson*'s hypothetical, Counsel's testimony strongly suggests that a reasonable jury would (and in fact did) convict Mitchell as charged, regardless of lesser-offense instructions, so he suffered no prejudice by failure to instruct down. This logic, drawn straight from *Jackson* and *Pierce*, could properly support error-but-no-prejudice conclusions in many drug trials and other cases of strong differential-element proof.[4]

To recap, strong proof is irrelevant to *Jackson* error, but may be highly relevant to the equally-critical issue of prejudice. True, trial courts must instruct on lesser-nested offenses, even where that seems preposterous, and failure to do so is error. We also presume resulting prejudice, insist the state clearly show otherwise, and give the defendant the benefit of the doubt on that issue.

All that said, we should not put parties, witnesses, and citizen jurors to the expense and hassle of a retrial when strong trial evidence, the instructions given, our presumption that jurors followed those instructions, and the verdict rendered show "no reasonable probability" that instructing down would have changed anything. *Jensen*, 524 S.W.3d at 38 n.3; *Jackson*, 433 S.W.3d at 395 n.4.

DANIEL E. SCOTT – CONCURRING OPINION AUTHOR

---

[4] *E.g.*, *State v. Vanlue*, 577 S.W.3d 834 (Mo.App. 2019), where we reversed a *16-minute* jury verdict although the state "persuasively" urged that the record rebutted any presumed prejudice and this court said "[i]t seems a stretch to think that instructing down ... would have changed anything." *Id.* at 838.