

# Missouri Court of Appeals

### Southern District

### Division Two

IN THE MATTER OF THE CARE )
AND TREATMENT OF )
DONALD PECKHAM, )
a/k/a DONALD D. PECKHAM, )
a/k/a DONALD DEAN PECKHAM, )
)
    Respondent-Appellant, )
)
v. ) No. SD36302
) Filed: August 31, 2020
STATE OF MISSOURI, )
)
    Petitioner-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable David B. Mouton, Circuit Judge

### **AFFIRMED**

Donald Peckham (Peckham) appeals from a judgment committing him to the custody of the Department of Mental Health (DMH) after a jury determined that Peckham was a sexually violent predator (SVP). *See* §§ 632.480-.513.[1] Peckham presents two points for decision. First, he contends the trial court erred by denying his Rule 51.04 motion for change of venue for cause. Second, assuming the venue motion did not comply

---

[1] All references to statutes are to RSMo (2016). All references to rules are to Missouri Court Rules (2018).

with the requirements of Rule 51.04, Peckham contends the judgment should be set aside because his attorney was ineffective. Finding no merit in either contention, we affirm the judgment.

## Factual and Procedural Background

Peckham was found guilty of committing statutory sodomy in the first degree, which is defined to be a sexually violent offense. *See* § 632.480(4). Prior to his scheduled release from the Department of Corrections in July 2016, the Attorney General (AG) filed a § 632.486 petition seeking to place Peckham in the custody of DMH if he was determined to be an SVP.

On March 26, 2018, Peckham's counsel filed a Rule 51.04 motion for change of venue for cause. The motion alleged that Joplin media coverage of the matter exposed the potential jury panel to inadmissible evidence and deprived Peckham of a fair trial by prejudicing potential jury members. The motion did not contain a notice of the time it would be presented to the court. *See* Rule 51.04(c). The AG did not file a denial or response to the motion.

In May 2018, the trial court scheduled a hearing on October 10, 2018 to take up all pending motions. At that hearing, Peckham's motion for change of venue for cause was taken up and overruled by docket entry. There is no transcript of that hearing or any indication in the record that Peckham presented evidence to support his request for a change of venue for cause.

Peckham's jury trial took place in August 2019. During *voir dire*, Peckham's attorney and the AG asked potential jurors about their exposure to media coverage in the case. Only four of the potential jurors indicated that they had read or heard about the case

in the news. Of those four venirepersons, two were stricken for cause. The remaining two were asked about their exposure to media coverage. Both testified that they could not recall the specific details from their media exposure and that they could reserve judgment until hearing all of the evidence. Only one of those two actually served on the jury. After hearing evidence and testimony presented by both sides, the jury unanimously found Peckham to be an SVP. The trial court entered an order committing Peckham to DMH for control, care and treatment. Peckham appealed from that judgment.

## Discussion and Decision

### *Point 1*

In Peckham's first point, he contends the trial court erred by denying his Rule 51.04 motion for change of venue for cause. He argues that the trial court had no discretion to deny the motion because the AG did not file a denial. We disagree. Because Peckham's motion was not accompanied by a notice stating when it would be presented to the trial court as required by Rule 51.04(c), the AG's duty to file a denial was not triggered. Therefore, the trial court retained the discretionary authority to deny the motion.

We review the trial court's decision on a Rule 51.04 motion for a change of venue for cause for abuse of discretion. *Koenke v. Eldenburg*, 803 S.W.2d 68, 70 (Mo. App. 1990). We begin our analysis by looking to the language of Rule 51.04. In relevant part, this rule states:

> **(a)** A change of venue may be ordered in any civil action triable by jury for the following causes:
>
> > (1) That the inhabitants of the county are prejudiced against the applicant; ….
>
> **(c)** A copy of the application *and a notice of the time when it will be presented to the court must be served on all parties*. …

3

**(e)** The adverse party, within ten days after the filing of the application for change of venue, may file a denial of the cause or causes alleged in the application. Such denial may be signed by the party, an agent or attorney, and need not be verified. If a denial is filed, the court shall hear evidence and determine the issues. If they are determined in favor of applicant, or if no denial is filed, a change of venue shall be ordered to some other county convenient to the parties and where the cause or causes do not exist. The court may enlarge the time for filing a denial as provided in Rule 44.01(b).

*Id*. (bold in original; italics added).[2] Peckham argues that the trial court had to order a change of venue for cause because the AG did not file a denial, as permitted by Rule 51.04(e). That argument fails because Peckham's motion was not accompanied by the required Rule 51.04(c) notice of the time when it would be presented to the court.

*State ex rel. Amoco Oil Co. v. Ely*, 992 S.W.2d 915 (Mo. App. 1999), is directly on point. In *Ely*, the relator filed a Rule 51.04 motion for change of venue for cause. The motion was not accompanied by a notice of the time when it would be presented to the court, as required by Rule 51.04(c). *Id*. at 917.[3] The western district of this Court held that a trial court is divested of discretion to rule on the change of venue motion only when "the moving party complies with each provision of Rule 51.04, including the provisions for providing the opposing party notice under 51.04(c), and the opposing party does not

---

[2] An SVP action is an adversary civil proceeding tried in the probate division of the circuit court. *Jones v. State*, 565 S.W.3d 704, 709 (Mo. App. 2018); § 472.141.3. It is governed by both the Civil Code of Missouri and the rules of civil procedure. *Id*. The 145 sections of the Civil Code of Missouri were adopted in 1943. *See* 1943 Mo. Laws 353-97. Thereafter, these sections were transferred to a number of different RSMo chapters. *See, e.g.*, § 506.010; § 506.080; § 509.380; § 510.390; § 512.040. The civil code, however, contains no section dealing with a change of venue. Therefore, Rule 51.04 applies to this SVP proceeding. In *Jones*, we held that Rule 51.05, dealing with a change of judge, applied to an SVP proceeding. *Id*. at 710. That holding is correct because the civil code also contains no section dealing with a change of judge. The portion of the *Jones* opinion addressing whether Rule 51.05 conflicted with §§ 508.090-.140 was unnecessary to the decision because those statutory sections are not part of the Civil Code of Missouri.

[3] The language of Rule 51.04 has not changed since July 1, 1996.

file a denial[.]" ***Id***. In the absence of the required notice, the 10-day time period to file a denial does not begin to run:

> Rule 51.04 provides that a change of venue *may* be ordered if the inhabitants of the county are prejudiced against the applicant. Rule 51.04(a). Relator alleged such prejudice in its motion for change of venue filed August 21. Relator served on all parties a copy of the application, as required by Rule 51.04(c). However, Relator did not comply with the rest of Rule 51.04(c), which provides: "A copy of the application *and a notice* of the time when it will be presented to the court must be served on all parties." (emphasis supplied). Therefore, the issue is whether Relator was required to file such notice to trigger the running of the ten days within which the opposing party must file its denial. We hold that it does.

***Id***. at 918-19 (italics in original). Because the relator failed to comply with Rule 51.04(c), the trial court retained the authority to deny the motion for change of venue for cause. ***Id***. at 919.

We agree with the analysis in ***Ely*** and apply it here. Because Peckham's Rule 51.04 motion for change of venue for cause was not accompanied by a notice of the time when it would be presented, the 10-day time period for the AG to file a denial was not triggered. Therefore, the trial court retained the discretion to deny the motion. A trial court does not abuse its discretion unless its ruling clearly is against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. ***Spence v. BNSF Ry. Co.***, 547 S.W.3d 769, 774 (Mo. banc 2018). Here, the change of venue motion was overruled by docket entry, and there is no record of what took place at the hearing. Accordingly, there is nothing in the record demonstrating an abuse of discretion by the trial court. Point 1 is denied.

*Point 2*

In Peckham's second point, he contends he received ineffective assistance of counsel because the Rule 51.04 motion for change of venue for cause did not meet the

5

requirements of the notice provision in that rule. Peckham argues that, if his counsel had been effective, he would have been tried by a jury that was not biased against him. Peckham's argument lacks merit because, for the reasons explained below, he failed to prove the existence of *Strickland* prejudice as the result of the trial court's venue ruling.[4]

A person alleged to be an SVP has a due process right to effective assistance of counsel. *Grado v. State*, 559 S.W.3d 888, 896 (Mo. banc 2018).[5] We can address this issue on direct appeal because the alleged error in the case at bar is reviewable using the existing appellate record. *See Grado*, 559 S.W.3d at 897-98.[6] Peckham bases his ineffective assistance argument on the *Strickland* standard used in Rule 24.035 and Rule 29.15 post-conviction relief cases. *See Strickland v. Washington*, 466 U.S. 668 (1984). We assume, without so deciding, that this standard applies to an SVP case. *See Grado*, 559 S.W.3d at 898.[7]

To prevail on a claim of ineffective assistance of trial counsel, Peckham must satisfy a two-prong test. *See Evans v. State*, 575 S.W.3d 779, 782 (Mo. App. 2019). First,

---

[4] *See Strickland v. Washington*, 466 U.S. 668 (1984).

[5] Given the substantial liberty interest at stake, it is crucial that an alleged SVP receive the right to effective counsel. *Grado*, 559 S.W.3d at 896. "Indeed, an SVP's due process right to counsel in SVP proceedings would be hollow were there no accompanying requirement counsel be effective." *Id*.

[6] "When deciding whether claims for ineffective assistance of counsel can be addressed on direct appeal, the pertinent question is whether the record is sufficient to address the claim." *D.C.M. v. Pemiscot County Juvenile Office*, 578 S.W.3d 776, 782 (Mo. banc 2019). After examining the record here, it contains the facts essential to a meaningful review of Peckham's claim. *See State v. Goodson*, 558 S.W.3d 318, 319 (Mo. App. 1977).

[7] The other possible mode of analysis is the "meaningful hearing" approach. *Grado*, 559 S.W.3d at 898. Because Peckham does not rely upon this approach, we do not address it.

he must prove "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This is the *Strickland* performance prong. *See Youngblood v. State*, 600 S.W.3d 303, 306 (Mo. App. 2020). Second, he must prove there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). *Strickland* defines a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This is the *Strickland* prejudice prong. *See Youngblood*, 600 S.W.3d at 306. Both of these prongs must be shown in order to prove an ineffective assistance of counsel claim. *Evans*, 575 S.W.3d at 782.

To prove the existence of *Strickland* prejudice, Peckham argues that he would have received a different jury if the Rule 51.04 motion had been accompanied by the proper notice. This argument is unavailing because it assumes that the trial court's failure to grant the motion for change of venue is enough to prove *Strickland* prejudice. *Matthews v. State*, 175 S.W.3d 110 (Mo. banc 2005), explains why Peckham's assumption is untrue. There, movant's counsel had requested a change of venue as a matter of right pursuant to Rule 32.03. The trial court moved the case to a different district within the county, instead of transferring the case to another county. Movant's counsel did not object to this procedure. *Id*. at 112-13. The movant included that allegation in his Rule 29.15 motion for post-conviction relief. *Id*. at 113. The trial court denied movant's motion without an evidentiary hearing. *Id*. On appeal, our Supreme Court decided that, even though the trial court was required to order the case transferred to a different county as a matter of right, movant's argument failed because he did not plead that the failure to transfer the case to

7

another county resulted in ***Strickland*** prejudice. After reciting the ***Strickland*** test for prejudice, our Supreme Court held:

> The trial court's failure to grant Movant a proper change of venue, however, is not dispositive of the case. ... Movant did not plead that the failure to transfer the case to another county, rather than another district within the same county, resulted in any *actual prejudice.* He did not plead that anyone on the jury knew him, that any juror was biased against him based on his race, gender, ethnicity, or any other trait. Indeed, Movant asserts that he need not show any actual prejudice. He maintains that prejudice is presumed simply from the fact he was denied the change of venue provided for by Rule 32.03. ... Because Movant did not plead any indication of actual prejudice stemming from his counsel's failure to object to the improper change of venue, he is not entitled to an evidentiary hearing on this issue.

*Id*. at 114-15 (italics in original). Thus, to establish ***Strickland*** prejudice based upon counsel's failure to obtain a change of venue for cause, Peckham had to prove that his SVP commitment resulted from the jurors' bias or prejudice against him. Only in this way can he prove that there is a reasonable probability a different jury would not have decided to commit him as an SVP. *See **Mann v. State***, 245 S.W.3d 897, 905 (Mo. App. 2008) (movant's allegation that his counsel was ineffective for not seeking a change of venue lacked merit because no ***Strickland*** prejudice was proven; the case was tried by the court, and there was no evidence that the judge was aware of the publicity or was influenced by it).

Just like in ***Matthews***, Peckham does not direct us to any part of the transcript that would prove any of the jurors were biased or prejudiced against him. The transcript reveals that counsel for the AG and Peckham conducted extensive *voir dire* about the venirepersons' media exposure. Only one person who recalled hearing about Peckham in the news actually served on the jury. This juror testified that he could not recall the specifics of the news coverage and that he could listen to all of the evidence before reaching

8

a conclusion. This procedure was sufficient to effectively address any concerns about potential bias or prejudice of the jurors at Peckham's trial. *See, e.g.*, **Matter of D.N.**, 598 S.W.3d 108, 125 (Mo. banc 2020) (in an SVP proceeding, no **Strickland** prejudice was proven because any alleged bias in the community was effectively addressed during the jury-selection process); **State v. Weaver**, 912 S.W.2d 499, 518 (Mo. banc 1995) (no **Strickland** prejudice resulted from trial counsel's failure to seek a change of venue due to pretrial publicity because the *voir dire* record adequately covered that potential problem). Accordingly, Point 2 is denied.

Neither of Peckham's points have merit. Therefore, the judgment of the trial court is affirmed.


JEFFREY W. BATES, C.J./P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR